Case No. 24-3195

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

American Medical Response of Inland Empire

*Plaintiff and Appellant,*

v.

County of San Bernardino, County of San Bernardino Board of
Supervisors, and Inland Counties Emergency Medical Agency

*Defendants and Appellees,*

and

Consolidated Fire Agencies

*Real Party in Interest.*

From The United States District Court,
Central District of California
Case No. 5:24-cv-00267-KK-SP
Hon. Kenly Kiya Kato

## DEFENDANTS-APPELLEES' AND REAL PARTY IN
## INTEREST'S JOINT MOTION FOR JUDICIAL NOTICE

HOOPER, LUNDY & BOOKMAN, P.C.
Katrina A. Pagonis
Jordan Kearney
Devin M. Senelick
Erin Sclar
44 Montgomery Street, Suite 3500
San Francisco, California 94104
Telephone: (415) 875-8500
Email: kpagonis@hooperlundy.com

KINGSLEY BOGARD LLP
Lindsay K. Moore
600 Coolidge Drive
Suite 160
Folsom, California 95630
Telephone: (916) 932-2500
Email: lmoore@kblegal.us

*Attorneys for Defendants-Appellees and Real Party in Interest.*

## INTRODUCTION

Plaintiff-Appellant American Medical Response of Inland Empire ("AMR") filed a complaint challenging the Defendants-Appellees' award of an exclusive contract to provide ground ambulance transportation services, interfacility transports, and critical care transports in a geographic operating area to Plaintiff-Appellant's competitor as a violation of section 1 of the Sherman Act, 15 U.S.C. § 1. The United States District Court for the Central District of California dismissed the complaint without leave to amend on the ground that the Defendants-Appellee's decision to award the contract to AMR's competitor is plainly a state action entitled to immunity from section 1 of the Sherman Act. AMR. AMR filed the present appeal challenging the District Court's decision.

Defendants-Appellees argue that this appeal is duplicative, as the challenged contract was already rendered inoperative in a parallel Superior Court Proceeding wherein the Superior Court enjoined the Defendants-Appellees from performing under the contract. (Answering Brief at 16, 20). Defendants-Appellees request that this Court take judicial notice of the Superior Court's grant of AMR's Motion for Preliminary Injunction because it is relevant to the duplicative dispute argument.

Jonathan E. Phillips, counsel for Appellant AMR, has informed the undersigned that AMR does not oppose this Court taking judicial notice of the

1

issuance of the September 12, 2024 order, without waiving its rights to object to or oppose judicial notice that exceeds this scope.

Lindsay K. Moore, counsel for Real Party in Interest Consolidated Fire Agencies ("CONFIRE") has informed the undersigned that CONFIRE joins this motion because the issuance of the September 12, 2024, order is relevant to its argument that the District Court correctly applied the state action antitrust immunity doctrine and related principles articulated in *Parker v. Brown*, 317 U.S. 341 (1943) and its progeny.

## LEGAL STANDARD

A fact is judicially noticeable when it is not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b)(2). Judicial notice is mandatory if a party requests it and the court is "supplied with the necessary information." Fed. R. Evid. 201(d).

Judicial notice may be taken at any stage of a proceeding, including on appeal. *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971). This Court "may take judicial notice of court filings and other matters of public record," including orders and decisions made by other courts. *Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Papai v. Habor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *overruled on other grounds* by 520 U.S.

548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies.").  This Court may also specifically take judicial notice of state court decisions when the decisions are helpful to examine the "claims litigated in state court." *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005).

Accordingly, Defendants-Appellees request that this Court take judicial notice of the Superior Court's issuance of the order entitled "Order Re Petitioner and Plaintiff's Motion for Preliminary Injunction," in *American Medical Response of Inland Empire v. County of San Bernardino, County of San Bernardino Board of Supervisors, Inland Counties Emergency Medical Agency, Consolidated Fire Agencies, and Does 1 -10*, No. CIVSB2416492 (San Bernardino County Super. Ct. Sept. 12, 2024), attached hereto as Exhibit 1.

## CONCLUSION

For the foregoing reasons, Defendants-Appellees request that the Court grant this motion to judicial notice of the referenced documents.

Respectfully submitted,

DATED:  September 30, 2024          HOOPER, LUNDY & BOOKMAN, P.C.


By:     */s/ Katrinia A. Pagonis*
          KATRINA A. PAGONIS
Attorneys for Defendants-Appellees

DATED:  September 30, 2024          KINGSLEY BOGARD LLP


By:          */s/ Lindsay K. Moore*
                          Lindsay K. Moore
             Attorneys for Real Party in Interest

## <u>CERTIFICATE OF SERVICE</u>

On September 30, 2025, I caused Defendants-Appellees' and Real Party in Interest's Joint Motion for Judicial Notice to be served on counsel of record through the ECF system.

*/s/ Griselda Rodriguez*
Griselda Rodriguez

# EXHIBIT 1



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
**San Bernardino District**
**247 West 3rd St**
**San Bernardino, CA 92415**
**www.sb-court.org**

# MINUTE ORDER

Case Number: CIVSB2416492                                            Date: 9/12/2024

Case Title:  American Medical Response of Inland Empire
-v-
County of San Bernardino et al

---

| Department S35 - SBJC | Date: 9/12/2024 | Time: 8:30 AM | Ruling on Submitted Matter |

---

Judicial Officer: Jay H Robinson
Judicial Assistant: Vaneska Diederich
Court Reporter: Not Reported or Recorded
Court Attendant: Kelly Hernandez

**Appearances**
No appearance

**Proceedings**
The Court having taken the matter of Motion for Preliminary Injunction filed by Petitioner/Plaintiff under submission on 7/9/2024 now rules as follows:
-
The Court GRANTS Petitioner AMR's motion for a preliminary injunction.  Respondents and Defendants COUNTY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO SUPERVISORS, and INLAND COUNTY EMERGENCY MEDICAL AGENCY are hereby ENJOINED and RESTRAINED during the pendency of this action from performing, proceeding under, or implementing services pursuant to, the contract for Advanced Life Support and Basic Life Support Ground Ambulance Services, Interfacility and Critical Care Transport Services for Exclusive Operating Areas in San Bernardino County, Contract No. 23-1282.  The Court further ORDERS that in the event that the peremptory writ of mandamus requested in Petitioner's Verified Complaint is not issued by this Court, the preliminary injunction shall remain in effect for sixty (60) days following the final determination of this action.  The Court narrowly tailored the scope of the injunction to prevent only the harms raised by the parties' pleadings.  (See Thompson v. 10,000 RV Sales, Inc. (2005) 130 Cal.App.4th 950, 979-80.)  The Court FINDS the scope of the injunction to be no greater than is absolutely necessary to protect AMR's lawful rights in this matter.  (People v. Uber Technols., Inc., supra, 56 Cal.App.5th at 313.)  The Court ORDERS AMR to post an undertaking of $181,000 no later than September 27, 2024.  (Cal. Rules of Ct. 3.1150(f).)  The undertaking must comply with Rule 3.1130.
-
The Court will set a Case Management Conference for October 8, 2024 at     8:30 a.m.  Prior to that date, the Court ORDERS the parties to meet and confer in order to determine a schedule for expedited briefing of the petition for writ of mandate and expedited discovery (if in fact any is necessary).  The parties should be prepared to address the feasibility of bifurcating the petition for writ of mandate from the remaining causes of action.

-
The judicial assistant is directed to serve this decision on the parties.
-
Notice given by Judicial Assistant
                                         == Minute Order Complete ==